**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIPPE ZOGBE ZATTA, | No. 19-56483 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-02280-ODW-JEM |
| v. | |
| STEVEN CHARLES ELDRED, in his person and official capacities; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Philippe Zogbe Zatta appeals pro se from the district court's judgment
dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising
from a California state court case brought by his former wife for child support.  We
have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Fed. R. Civ. P. 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine Zatta's claims against the state actor defendants (i.e., all defendants except Lisiane Dohi Lepe, Israel Louis Cross, Jr., Goli Marius Beugre, Florence Loba, and Venus Valine Harry) because these claims constitute "de facto appeal[s]" of a California state court decision. *Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (explaining when a federal action is a "de facto appeal" of a state court decision).

The district court properly dismissed Zatta's claims against the remaining defendants because they are not state actors. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law.").

The district court did not abuse its discretion by dismissing Zatta's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We reject as unpersuasive Zatta's contention that the district court erred by ignoring his Amended Objection to the Report and Recommendation.

19-56483

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Zatta's motion to transmit exhibit (Docket Entry No. 5) is granted. Zatta's motion to take judicial notice (Docket Entry No. 53) is denied.

**AFFIRMED.**

19-56483